IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAY THOMPSON, TDCJ #1512317, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-10-0061 |
| RICK THALER, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Ray Thompson (TDCJ #1512317, former TDCJ #1142688, #1243646, #1419653), is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Thompson has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction and sentence. Thompson has also filed a memorandum in support of his petition. The respondent has answered with a motion for summary judgment [Doc. # 10]. Thompson has filed a cross-motion in response [Doc. # 11]. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion for reasons that follow.

## I. BACKGROUND

On March 27, 2008, a local grand jury returned an indictment against Thompson in cause number 08-01326-CRF-361, charging him with the felony offense of theft by

unlawfully acquiring or otherwise exercising control over property having less than $1,500.00 in value. The State enhanced that indictment for purposes of punishment with allegations that Thompson had at least two prior felony convictions for burglary of a building. As a result, punishment for the primary theft offense was elevated to that of a third-degree felony.

On June 18, 2008, Thompson entered a guilty plea pursuant to a written agreement with the State in exchange for a sentence of 3 years and 6 months' imprisonment. The 361st District Court for Brazos County, Texas, accepted the plea and found Thompson guilty as charged. After Thompson conceded that the enhancement allegations were "true," the trial court sentenced him in compliance with the plea agreement to serve 3 years and 6 months in prison. Thompson, who remains incarcerated at the Larry Gist Unit, did not pursue an appeal.

On December 11, 2009, Thompson filed the pending federal habeas corpus petition for relief from his state court conviction under 28 U.S.C. § 2254.[1] In this petition, Thompson contends that he is entitled to relief for the following reasons: (1) his theft conviction was

---

1 The record reflects that Thompson placed his federal habeas petition in the mail on November 10, 2009, and sent it to the state court of appeals in Dallas, which returned the pleadings to Thompson for lack of jurisdiction on November 25, 2009. Thompson then sent his federal habeas petition to the Clerk's Office for the United States District Court for the Northern District of Texas, which received the pleadings on December 30, 2009, and promptly transferred the case here. The undated petition is post-marked December 11, 2009, which indicates that Thompson placed his petition in the mail for filing in federal court on that date. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Thus, the petition is considered filed on December 11, 2009.

obtained in violation of the privilege against self-incrimination; (2) he was denied effective assistance of counsel because his attorney did not make the State present evidence; and (3) he was denied the right to appeal. Thompson also appears to complain that he was improperly denied early release on the form of parole known as mandatory supervision.

The respondent notes that Thompson's theft conviction became final no later than July 18, 2008. The respondent maintains, therefore, that Thompson's challenge to his theft conviction is barred by the one-year statute of limitations governing federal habeas corpus review. The respondent argues further that Thompson's claims are without merit. Thompson has filed a short cross-motion in reply, which appears to request relief in his favor. The parties' contentions are discussed further below, beginning with the one-year statute of limitations on federal habeas corpus review.

## II. DISCUSSION

### A. The Claims Concerning the Theft Conviction are Time-Barred

To the extent that Thompson challenges his theft conviction, which was entered pursuant to a guilty plea on June 18, 2008, the respondent insists that the petition must be dismissed as untimely filed. According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Where a petitioner challenges a state court judgment, the statute of limitations for federal habeas corpus review begins to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Because Thompson did not file a motion for new trial or a direct appeal from the guilty plea that he entered on June 18, 2008, his conviction became final no later than thirty days after the judgment was entered, on July 18, 2008. *See* TEX. R. APP. P. 26(a)(1). That date triggered the statute of limitations found in § 2244(d)(1)(A), which expired one year later on July 18, 2009.

Thompson does not dispute that his federal habeas petition, which is dated November 10, 2009, and post-marked December 11, 2009, is untimely. Therefore, the claims concerning Thompson's theft conviction are barred from habeas corpus review by the governing statute of limitations unless an exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). The record shows that Thompson filed a state habeas corpus application with the trial court on September 22, 2009, which the Texas Court of Criminal Appeals denied without a written order on November 4, 2009. *See Ex parte Thompson*, No. 72,863-01. That application, however, challenges only a decision by parole officials to deny Thompson early release on mandatory supervision. Accordingly, that application does not toll the statute of limitations for Thompson's claims concerning his underlying theft conviction. Even if it did, the respondent correctly notes that

this application was filed well after the one-year limitations period expired on July 18, 2009. As a result, the application has no tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). It follows that Thompson is not entitled to tolling under § 2244(d)(2).

Thompson presents no other basis for statutory tolling and the record fails to disclose any. In that regard, Thompson has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the petition is based. *See* 28 U.S.C. § 2244(d)(1)(C). Likewise, where his theft conviction is concerned, Thompson fails to identify any factual predicate that could not have been discovered previously if he had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Thompson fails to explain his lack of diligence and he makes no effort to show that exceptional circumstances warrant equitable tolling in this instance. Absent a showing that he is entitled to statutory or equitable tolling, Thompson's claims concerning his theft conviction are barred by the governing one-year limitations period. The respondent is entitled to summary judgment on this issue.[2]

**B. The Claim Concerning Mandatory Supervision Does Not Merit Relief**

---

[2] The respondent argues further that Thompson's claims concerning his theft conviction are unexhausted, procedurally barred, and without merit. Because Thompson does not dispute that his claims concerning the theft conviction are untimely, the Court does not address these claims further.

Thompson alleges that state officials have improperly denied him early release from prison on mandatory supervision, which is a form of parole.[3] This claim was raised in a state habeas corpus application, where the reviewing court concluded that Thompson "alleged no fact supported by the record which entitle[d] him to relief" and that the grounds for relief asserted were "completely without merit." *Ex parte Thompson*, No. 72,863-01 at 52. The Texas Court of Criminal Appeals agreed and denied relief without a written order. The respondent maintains that Thompson fails to show that he is entitled to relief under the governing federal habeas corpus standard of review, which is summarized briefly below.

**1. Federal Habeas Corpus Standard of Review**

Because Thompson's claim was adjudicated and denied on the merits in state court, his petition is governed by a legal standard established by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2254(d). The AEDPA standard provides that a petitioner is not entitled to relief

---

[3] There are two ways in which a state inmate becomes eligible for early release from prison in Texas. The first is by "parole" and the second is by release on "mandatory supervision." Under Texas law, "parole" is "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6) (Vernon 2004). By contrast, "mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007). Regardless of the distinction, once an inmate is released to mandatory supervision, he is considered to be on parole. *See Jackson*, 475 F.3d at 263, n.1 (citing TEX. GOV'T CODE § 508.147(b); *Coleman v. Dretke*, 395 F.3d 216, 219, n.1 (5th Cir. 2004).

unless he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).

A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). Under this standard, an unreasonable application is more than merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409.

The deferential AEDPA standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its decision. *See Early v. Packer*, 537 U.S. 3, 7 (2002). Likewise, a federal habeas corpus court's inquiry under § 2254(d)(1) is not altered where the state court denies relief without a written opinion. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003). For such a situation, a reviewing court (1) assumes that the state court applied the proper "clearly established Federal law"; and (2) then determines whether its decision was "contrary to" or "an objectively unreasonable application of" that law. *Id.* (citing *Catalan v. Cockrell*, 315 F.3d 491, 493 & n.3 (5th Cir. 2002)).

**2. Thompson's Eligibility for Mandatory Supervision**

In this instance, Thompson complains that he is eligible for early release on mandatory supervision but that officials have unlawfully denied him early release on this form of parole, which is governed by § 508.149 of the Texas Government Code. To the extent that decisions about early release on mandatory supervision involve the application of state law, Thompson's allegation does not rise to the level of a constitutional issue of the sort that is cognizable on federal habeas corpus review. As the Supreme Court has held repeatedly, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). The state courts have already considered and rejected Thompson's claim. It is well established that it is not the function of a federal habeas corpus court "to review a state's interpretation of its own law." *Weeks v. Scott*, 55 F.3d 1059, 1063 (citing *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983)); *see also Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) ("We will take the word of the highest court on criminal matters of Texas as to the interpretation of its law, and we do not sit to review that state's interpretation of its own law.") (quoting *Seaton v. Procunier*, 750 F.2d 366, 368 (5th Cir. 1985)).

To prevail, Thompson must show that he was denied early release in mandatory supervision in violation of the federal constitution. Thompson's claim, however, is limited to the following: "Is there any way the mandatory supervision can be reconsidered. [sic] To be release [sic] on parole." [Doc. # 1, *Petition*, at 8]. Thompson includes a letter with

his petition, which adds that he has been working while in prison and "reaching out to God." Thompson also points to his lack of a disciplinary record while incarcerated and asks for a chance to return to society on parole.

Liberally construed, Thompson complains that he was denied early release on mandatory supervision without due process. Where a constitutionally protected interest in life, liberty, or property is at issue, due process requires, at a minimum, "reasonable notice" and a "meaningful opportunity to be heard." *Freeman v. City of Dallas*, 186 F.3d 601, 606 (5th Cir. 1999) (citations omitted). The Supreme Court has taken a "flexible" approach to due process, requiring only those "procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Typically, a Texas inmate is entitled to notice of the specific month and year when he will be reviewed for release on mandatory supervision, and he must be given at least 30 days' advance notice to enable him to submit materials on his behalf. *Ex Parte Retzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004). "This will provide eligible inmates with the warning that is necessary to allow them to submit any information that they feel relevant to the Board decision." *Ex parte Geiken*, 28 S.W.3d 553, 560 (Tex. Crim. App. 2000).

Thompson does not allege any facts in support of his claim that parole officials wrongfully denied him early release on mandatory supervision. He does not complain that he was denied notice or an opportunity to present materials to parole officials. The record does not otherwise show that Thompson was denied early release without adequate notice or an opportunity to be heard. Absent evidence in the record, a federal habeas corpus court

cannot consider a petitioner's "bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (citing *Woodard v. Beto*, 447 F.2d 103 (5th Cir.), *cert. denied*, 404 U.S. 957 (1971)). The Fifth Circuit has repeatedly emphasized that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross*, 694 F.2d at 1012 (citing *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir. 1982) (collecting cases)).

In summary, Thompson cites no Supreme Court authority or constitutional provision in support of his claim that officials wrongfully denied him early release on mandatory supervision without due process. He makes no effort to otherwise show that the state court's decision to deny relief is contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Accordingly, Thompson is not entitled to relief under 28 U.S.C. § 2254(d). Because Thompson fails to state a claim for relief under the federal habeas corpus statutes, the respondent is entitled to summary judgment and the petition must be denied.

## III. CERTIFICATE OF APPEALABILITY

The habeas corpus petition filed in this case is governed by the AEDPA, and its provisions related to a potential appeal, which are codified at 28 U.S.C. § 2253. Under this statute, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional

prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 10] is **GRANTED** and the petitioner's cross-motion in response [Doc. # 11] is **DENIED**.

2. The federal habeas corpus petition is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on June 24, 2010.

Nancy F. Atlas
United States District Judge